IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HOOVER,

    Petitioner,                    No. CIV-S-11-0662 MCE GGH P

    vs.

WILLIAM KNIPP, et al.,[1]

    Respondents.              ORDER &

                                /      FINDINGS AND RECOMMENDATIONS

Introduction

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss, filed on May 13, 2011, to which petitioner filed his response on June 9, 2011, after which respondent, on June 23, 2011, filed a reply. Petitioner was convicted in 1998 in Butte County Superior Court of three counts of committing a lewd act upon a child, attempted lewd act upon a child, failure to register, two counts of forcible lewd act upon a child, and aggravated sexual assault of a child. Petition, p. 1; Motion to Dismiss (MTD), pp. 1-2, respondent's Lodged

---

[1] Respondent has requested the substitution of the current warden of Mule Creek State Prison, William Knipp, for that of former Warden Michael Martel. Pursuant to Fed. R. Civ. P. 25(d), Warden Knipp is now identified as the respondent.

1

Document (hereafter, resp. Lod. Doc.) 1 (Abstract of Judgment).  Petitioner received an indeterminate sentence of eighty-nine years and four months to life.  Petition, p. 1; MTD, pp. 1-2, resp. Lod. Doc. 1.  Petitioner raises the following grounds, conflating two claims into the first one: 1) trial court error in failing to provide lesser included offense instruction of nonforcible lewd act in count 1, forcible lewd conduct, as well as ineffective assistance of counsel by request that such instruction not be given; 2) insufficient evidence of force or duress to support jury verdict on count 1; 3) ineffective assistance of counsel for defense counsel's failure to object to introduction of testimony of Brianna and for failing to move for a mistrial after the court determined she was not qualified to testify.  See Petition.

<u>Motion to Dismiss</u>

Respondent moves for dismissal with prejudice on the ground that the petition is untimely.  See Motion to Dismiss (MTD).  The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Following his sentencing on August 11, 1998, petitioner appealed.  The judgment was affirmed on May 22, 2000, by the California Third District Court of Appeal.  MTD., p. 2,

resp. Lod. Doc. 2 (Third DCA unpublished opinion). The California Supreme Court denied petitioner's petition for review on August 9, 2000. MTD, p. 2, resp. Lod. Doc. 3 (Petition for Review) & Lod. Doc. 4 (Cal. Supreme Court denial of petition for review). Respondent is correct that petitioner had ninety (90) days following the state Supreme Court's August 9, 2000 denial of direct review before the state court conviction became final, which is the period of time petitioner would have had to file a petition for writ of certiorari with the United States Supreme Court. MTD, p. 2, citing Supreme Court Rule 13; Bowen v. Roe, 188 F.3d 1157[, 1159] (9th Cir. 1999). Thus, petitioner's conviction became final on November 7, 2000. MTD, p. 2. In his one-page opposition, petitioner does not dispute respondent's contention that petitioner filed no state post-conviction collateral challenge; nor does petitioner challenge the date set forth by respondent as to when his state court conviction became final. MTD, p. 2; see Opposition (Opp.); Reply, pp. 1-2.

The one-year statute of limitations under AEDPA began to run the day following, on November 8, 2000. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Therefore, under 28 U.S.C. § 2244(d), petitioner had until November 7, 2001, to file his petition in federal court. However, even liberally applying the mailbox rule,[2] the instant petition was not filed in this court until March 8, 2011, some 3,408 days or more than nine years after the expiration of the one-year statutory period. Therefore, unless petitioner's is entitled to equitable tolling, this petition is time-barred.

*Equitable Tolling*

The Supreme Court has fairly recently held "like all 11 Courts of Appeals that have considered the question...that § 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). In Calderon v. U.S. District

---

[2] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

3

Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (the Ninth Circuit case cited in Holland, supra), overruled on other grounds, Calderon v. U. S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), itself abrogated by Woodford v. Garceau, 538 U.S.202, 123 S. Ct. 1398 (2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling will not be available in most cases because tolling should only be granted if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time. Beeler, 128 F.3d at 1288-89. As held in Beeler, "[w]e have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." 128 F.3d at 1289. "Mere excusable neglect" is insufficient as an extraordinary circumstance. Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 619 (3rd Cir. 1998). Moreover, the Ninth Circuit has held that claims of ignorance of the law and illiteracy do not constitute such extraordinary circumstances and are insufficient to justify equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see also Hughes v. Idaho State Bd. Of Corrections, supra, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause).

In the Calderon (Beeler) case, the Court of Appeals held that the district court properly found equitable tolling to allow Beeler more time to file his petition. Beeler's lead counsel withdrew after accepting employment in another state, and much of the work he left behind was not useable by replacement counsel – a turn of events over which the court found Beeler had no control. The Court of Appeals held that the district court properly found these were "extraordinary circumstances" sufficient to toll the statute of limitations.

The Ninth Circuit also found extraordinary circumstances in <u>Calderon v. U.S. Dist. Ct. For Cent. Dist. Of Ca. (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc) abrogated on another ground by <u>Woodford v. Garceau</u>, 538 U.S. 202, 123 S. Ct. 1398 (2003). The three reasons given which independently justified tolling were: a district court stay which prevented petitioner's counsel from filing a habeas petition, mental incompetency until a reasonable time after the court makes a competency determination, and the fact that petitioner did at one time have timely habeas proceedings pending which were mistakenly dismissed, not as a result of any doing by petitioner. <u>Id.</u> at 541-42. <u>See</u> also <u>Corjasso v. Ayers</u>, 278 F.3d 874 (9th Cir. 2002) (clerk's unjustified rejection of a petition justified partial tolling); <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999) (delay by prison in withdrawing funds from prisoner's trust account, preparing and mailing filing fee were circumstances beyond his control, qualifying him for equitable tolling); <u>Stillman v. Lamarque</u>, 319 F.3d 1199, 1202-03 (9th Cir. 2003) (equitable tolling permitted where litigation coordinator broke a promise to petitioner's counsel to return a signed petition for timely filing); <u>Spitsyn v. Moore</u>, 345 F.3d 796 (9th Cir. 2003) (sufficiently egregious misconduct by counsel, such as wholly deficient performance, may justify equitable tolling). But <u>see</u> <u>Frye v. Hickman</u>, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation of limitations period "and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling"); <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1381 (9th Cir. 1988) (reliance on incompetence of jailhouse lawyer not sufficient to justify cause to excuse procedural default); <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999) (prisoner's unfamiliarity of law did not toll statute).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418, 12 S. Ct. 1807, 1814 (2005); <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proving that equitable tolling should apply to avoid dismissal of an untimely petition).

5

1  "Equitable tolling is unavailable in most cases," and is only appropriate "if *extraordinary*
2  circumstances beyond a prisoner's control make it impossible to file a petition on time."
3  Miranda, supra, at 1066 (internal quotations/citations omitted [emphasis added in Miranda]).  A
4  petitioner must reach a "very high" threshold "to trigger equitable tolling [under AEDPA]...lest
5  the exceptions swallow the rule."  Id.

6  Petitioner, in response to the motion to dismiss, asks the court "to take notice of"
7  a letter request that he states that he filed in February seeking "permission to file a late petition
8  along with his viable reasons."  Opp.  Moreover, petitioner contends the court sent the paperwork
9  for filing his "late petition" pursuant to his request, and he closes his very brief statement
10 referencing the reasons stated in his prior letter.  Id.

11 Of course, petitioner's apparently having been provided a form for filing a habeas
12 petition by this court (most likely, by the Clerk of the Court) in response to an inquiry does not in
13 any way absolve petitioner of an obligation to justify the lateness of the petition's filing when
14 challenged by respondent, particularly where the filing, as here, is on its face so egregiously
15 tardy.  Moreover, while the court has no reason to doubt that petitioner filed a letter request, there
16 is no record of any such document in the docket of this case.  Had the court addressed this matter,
17 the letter would most typically have been placed in the docket of this case and an order would
18 thereafter have ensued.  Instead, the first filing in this matter is the petition itself, file-stamped
19 March 10, 2011, along with the second filing, the application to proceed in forma pauperis.  See
20 docket entries # 1 & # 2.  The undersigned has reviewed the initial filing in the case docket, the
21 petition, and finds therein no explanation whatever for having filed the petition so late.  Even if
22 petitioner believed a letter pre-dating the filing of the petition in this court contained reasons
23 sufficient to meet his burden to show extraordinary circumstances beyond his control precluding
24 him from filing for such an extended period despite demonstrable diligence on his part, it was his
25 responsibility to set such reasons forth in response to a motion to dismiss a petition that
26 petitioner himself expressly acknowledges as late.  As respondent points out in the reply,

respondent is otherwise afforded no opportunity to address the issue.  In any case, petitioner makes no showing whatever to warrant equitable tolling.  Therefore, the petition should be dismissed with prejudice as untimely.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to substitute William Knipp, Warden of Mule Creek State Prison, as the respondent in the docket of this case, in place of former Warden Michael Martel.

IT IS HEREBY RECOMMENDED that respondent's motion to dismiss the petition with prejudice as barred by the AEDPA statute of limitations, filed on May 13, 2011 (docket # 11), be granted and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 5, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
hoov00662.mtd